UNITED STATES of America, Plaintiff-Appellee,

v.

Richard MASTRANGELO, Defendant-Appellant.

No. 140, Docket 82–1148.

United States Court of Appeals, Second Circuit.

Submitted Aug. 4, 1983.

Decided Nov. 4, 1983.

See also, 533 F.Supp. 389.

—— U.S. ——, 103 S.Ct. 1501–02, 75 L.Ed.2d 932 (1983).

The judgment is, therefore, affirmed.

Gerard L. Shargel, New York City (Judd Burstein, New York City, of counsel), for defendant-appellant Mastrangelo.

William J. Muller, Asst. U.S. Atty., E.D. N.Y., Brooklyn, N.Y. (Raymond J. Dearie, U.S. Atty., E.D.N.Y., L. Kevin Sheridan, Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for plaintiff-appellee United States of America.

Before FEINBERG, Chief Judge, OAKES and WINTER, Circuit Judges.

PER CURIAM:

Familiarity with our prior opinions, *United States v. Mastrangelo,* 662 F.2d 946 (2d Cir.1981), *cert. denied,* 456 U.S. 973, 102 S.Ct. 2236, 72 L.Ed.2d 847 (1982) and 693 F.2d 269 (2d Cir.1982), is assumed.

On remand after our most recent decision, 561 F.Supp. 1114, Judge McLaughlin held a hearing and found that the government had proven by a preponderance of the evidence that the appellant had prior knowledge of the plot to kill James Bennett. Appellant concedes this finding is not clearly erroneous. He argues, however, that we should decline to follow our decision that prior knowledge and a failure to warn appropriate authorities is sufficient to constitute waiver of the right to confrontation and that such waiver need be shown by only a preponderance rather than by clear and convincing evidence. Judge McLaughlin found that the latter test had been satisfied but that the former had not been. We adhere to our prior opinion, which is also supported by *Steele v. Taylor,* 684 F.2d 1193, 1202–03 (6th Cir.1982), *cert. denied,*